UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SB INTERNATIONAL, INC.,            )
                                   )
        Plaintiff,                 )
                                   )        CIVIL ACTION NO.
VS.                                )
                                   )        3:06-CV-1174-G
P.R. JINDAL,                       )
                                   )             **ECF**
        Defendant.                 )

# MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, SB International, Inc. ("SB International"), for rehearing or reconsideration pursuant to Rule 59(e). SB International seeks reconsideration of the court's memorandum opinion and order of May 14, 2007, dismissing its claims against the defendant, P.R. Jindal ("Jindal"), as time-barred. In the alternative, SB International seeks leave to amend its complaint. For the reasons stated below, the motion is denied.

## I. BACKGROUND

The dispute between SB International and Jindal is explained fully in the court's order granting Jindal's motion to dismiss. Memorandum Opinion and Order,

May 14, 2007 ("Order"). In brief, SB International filed suit on June 30, 2006, claiming that Jindal caused SB International injury by willfully and intentionally interfering with a contract between SB International and Southern Texas Steel, L.L.C. ("STS"), and additionally claiming that Jindal and STS conspired to fraudulently induce SB International to enter into the contract by making false representations. *See* Order at 2. Jindal then filed a motion to dismiss the claims on 12(b)(6) grounds, maintaining *inter alia* that the claims against him were barred by the statute of limitations.* *Id.* The court agreed, and on May 14, 2007, judgment was entered in favor of the defendant. Judgment, May 14, 2007. SB International's motion for reconsideration challenges this decision, arguing that (1) the "[c]ourt's failure to properly apply the discovery rule was manifest legal error" and (2) "the [c]ourt's failure to toll the statute of limitations under the doctrine of fraudulent concealment . . . was manifest legal error." Plaintiff's Brief in Support of Motion for Rehearing or Reconsideration Pursuant to FED. R. EVID. 59(e) or, in the Alternative, Motion to Amend Complaint ("Motion for Reconsideration") at 17.

---

\* There is a two-year statute of limitations for the plaintiff's claims of civil conspiracy and tortious interference. *First National Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986); *Senigaur v. Ford Motor Co.*, 222 F. Supp. 2d 829, 832 n.2 (E.D. Tex. 2002) (citing *Connell v. Connell*, 889 S.W.2d 534, 540 (Tex. App.--San Antonio 1994, writ denied)).

II.  ANALYSIS

A.  Standard for Motion for Reconsideration

The Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*."  See *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990), *cert. denied*, 510 U.S. 859 (1993).  Courts in the Fifth Circuit treat so-called motions to reconsider either as motions to alter or amend under Rule 59 or as motions for relief from judgment under Rule 60. *Id.* If the motion is served within ten days of the rendition of the judgment, it falls under Rule 59(e); if the motion is served after that time, it falls under Rule 60(b).  *Id.*; *Harcon Barge Company, Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930 (1986).  In this case, because the motion was filed within ten days of the court's order, the court will analyze the motion under Rule 59(e).

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted).  Such a motion is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corporation v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).  A motion for reconsideration based on recycled

arguments serves only to waste the court's resources. *Texas Instruments, Inc. v. Hyundai Electronics Industries, Company Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999).

SB International urges reconsideration of the May 14 memorandum opinion and order, arguing that the order granting dismissal under Rule 12(b)(6) "contain[ed] . . . manifest errors of fact and law." Motion for Reconsideration at 12. It insists that the discovery rule should be applied to toll the accrual date of its causes of action, or, in the alternative, that the defense of fraudulent concealment should prohibit Jindal from relying on the statute of limitations. *Id.* at 17. These contentions will be considered in turn below.

### B. Application of the Discovery Rule

The general rule in Texas is that a cause of action accrues and the applicable limitations period begins to run "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Tortious interference claims accrue "when (1) the contract or business relationship is interfered with, and (2) harm is caused to the plaintiff." *Roehrs v. Conesys, Inc.*, No. 3:05-CV-0829-M, 2005 WL 3454015, *4 (N.D. Tex. Dec. 14, 2005) (citing *Hill v. Heritage Resources*, 964 S.W.2d 89, 116 (Tex. App.--El Paso 1997, pet. denied)). The limitations period for civil conspiracy claims begins to run when the plaintiff becomes aware that he has

suffered an injury or has sufficient information to know that he has been injured. *S.V.*, 933 S.W.2d at 4.

The discovery rule, however, operates as an exception to the statute of limitations. *Boundy v. Dolenz*, No. 3:96-CV-3010-G, 2002 WL 31415998, *6 (N.D. Tex. Oct. 21, 2002), *aff'd*, 87 Fed. Appx. 992 (5th Cir.), *cert. denied*, 543 U.S. 897 (2004). The rule works to suspend the accrual of a cause of action until a plaintiff knows, or in the exercise of reasonable diligence should have known, of the facts giving rise to the claim. *Jackson v. West Telemarketing Corporation Outbound*, 245 F.3d 518, 524 (5th Cir.), *cert. denied*, 534 U.S. 972 (2001). The limitations period is not tolled *until a party knows all the details and evidence which may be required to prove his cause of action*; rather, the period begins to run *when the party discovers, or should have discovered*, the general nature of his injury. *Leigh v. Danek Medical, Inc.*, 28 F.Supp.2d 401, 406 (N.D. Tex. 1998) (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990); *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex. 1990)).

SB International has failed to explain why the May 7, 2002, breach of contract by STS did not provide it with notice of the general nature of its injury. SB International points to one email, which it discovered in May 2005, that put it on notice of the injury caused by Jindal. Motion for Reconsideration at 2. In light of the history of the business relationship between SB International and Jindal which, according to the First Amended Complaint, dated back to February, 1998, and the

documented disputes over alleged "unpaid balances" between SB International and Jindal's company, as well as the role of Jindal in the "Plate Agreement," it is unclear to the court how, in the exercise of reasonable diligence, SB International could have been unaware of Jindal's alleged misconduct. *See* Plaintiff's First Amended Complaint ¶¶ 7-23 (providing a detailed account of the history between the parties).

For these reasons, the court again declines to apply the discovery rule to toll the statute of limitations. As stated in the court's previous order, SB International has made no averment in its complaint that it ever conducted an investigation into Jindal's actions related to the contract, let alone that Jindal thwarted such an investigation so as to invoke the discovery rule. *See* Order at 13.

### C. Fraudulent Concealment

SB International also contends that fraudulent concealment prevents Jindal from relying upon a statute of limitations defense. "Under the doctrine of fraudulent concealment, the accrual of SB International's cause of action is deferred because a defendant cannot be permitted to avoid liability for its actions by deceitfully concealing wrongdoing until the statute of limitations has run." *Santanna Natural Gas Corporation v. Hamon Operating Company*, 954 S.W.2d 885, 890 (Tex. App.-- Austin 1997, pet. denied). "Where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations."

*Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983). The estoppel effect of fraudulent concealment ends, however, when a plaintiff "learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Id.* at 909.

As noted in the court's memorandum opinion and order, SB International was aware of its injury as of May 7, 2002. *See* Order at 12. SB International should have investigated the reasons for STS's lack of performance when it determined, on May 7, 2002, that the contract was not being honored. If SB International did not know the full extent of its injury and that injury's relationship to the defendant Jindal at that time, it had a duty to inquire whether there was a concealed cause of action. See *supra* § II.B. Consequently, Jindal's alleged fraudulent concealment did not operate to toll the statute of limitations for the two years and fifty-five days required to make SB International's suit timely.

### D. Motion to Amend Complaint

In the alternative, SB International seeks leave to amend. However, where a proposed amendment would be a futile act, a court does not abuse its discretion in denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because SB International's claims against Jindal are time-barred, the proposed amendment would be futile. As a result, SB International's motion for leave to amend is denied.

### III. CONCLUSION

For the reasons set forth above, the motion of SB International for rehearing or reconsideration or, in the alternative, to amend its complaint is **DENIED**.

**SO ORDERED**.

August 23, 2007.

_____
A. JOE FISH
CHIEF JUDGE